191 P.3d 1241 (2008)
2008 UT App 265
STATE of Utah, in the interest of G.R., a person under eighteen years of age.
A.E., Appellant,
v.
State of Utah, Appellee.
No. 20080392-CA.
Court of Appeals of Utah.
July 10, 2008.
Jose Silva, Orem, for Appellant.
Mark L. Shurtleff, atty. gen., and John M. Peterson, asst. atty. gen., Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before GREENWOOD, P.J., THORNE, Associate P.J., and ORME, J.

MEMORANDUM DECISION
PER CURIAM.
¶ 1 A.E. (Mother) appeals the termination of her parental rights in G.R. Mother argues that her parental rights should not have been terminated because her severe mental health issues made her unable to comply with her service plan. More particularly, she asserts that the parental termination proceedings and her requirement to comply with the terms of her service plan should have been stayed pending resolution of her mental health issues.
¶ 2 Mental illness that is so extreme as to render a parent unable to care for the needs of her children or, as argued in this case, to comply with the requirements of a service plan, is not a defense to a parental termination action. Such mental illness may actually be evidence of unfitness. Utah Code section 78-3a-408(2)(a) states that in determining whether a parent is unfit, one factor that the juvenile court must consider is "emotional illness, mental illness, or mental deficiency of the parent that renders the parent unable to care for the immediate and *1242 continuing physical or emotional needs of the child for extended periods of time." Utah Code Ann. § 78-3a-408(2)(a) (Supp.2007). Thus, because mental illness can constitute evidence supporting a determination of unfitness, it cannot be used as a defense enabling a parent to stay termination proceedings.
¶ 3 This conclusion is further supported by Utah Code section 78-3a-312(4)(d), which places strict limits on the time period a court may offer a parent reunification services. Specifically, "the court may not extend reunification services beyond 12 months from the date the minor was initially removed from the minor's home, . . . except that the court may extend reunification services for no more than 90 days" in certain circumstances. Id. § 78-3a-312(4)(d). The section allows for no exceptions to the strict time limits allowed for reunification services. Thus, when this provision is viewed in conjunction with Utah Code section 78-3a-408(2)(a), it is apparent that a person is not entitled to an indeterminate amount of time to resolve any mental health issues prior to the beginning of reunification services. Once the child is removed, a parent has one year to sufficiently resolve all issues that would affect her parenting, including mental health issues, such that the parent could immediately care for the physical and emotional needs of her child. Thus, Mother's obligation to comply with her service plan was not tolled pending resolution of her mental health issues.
¶ 4 Accordingly, the order terminating Mother's parental rights is affirmed.